**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Breanick Tijerino, | No. CV-22-01569-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| USA Pawn Jewelry, | |
| Defendant. | |

Pending before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 2).  Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that he is financially unable to pay the filing fee.  The Court will grant Plaintiff's Application and allow him to proceed *in forma pauperis* ("IFP").  Pursuant to 28 U.S.C. § 1915(e)(2), the Court will proceed to screen Plaintiff's Complaint (Doc. 1).

**I.    Discussion**

Plaintiff's Complaint purports to bring a cause of action under Title VII of the Civil Rights Act, alleging he was discriminated against based on his sexual identity.  (Doc. 1 at 3).  Plaintiff has filed three prior Complaints with substantially similar allegations against the same Defendant.  The Court has dismissed each of the previous Complaints with express warnings to Plaintiff that if he failed to comply with the Court's Order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**A.  Federal Rule of Civil Procedure 41(b)**

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). "Rule 41(b) dismissals are considered adjudications on the merits for res judicata purposes." *Agfa-Gevaert, A.G. v. A.B. Dick Co.*, 770 F. Supp. 441, 444 (N.D. Ill. 1991) (citing *Costello v. United States*, 365 U.S. 265, 285 (1961)).

The Supreme Court has concluded an "adjudication upon the merits" under Rule 41(b) is synonymous with a dismissal with prejudice. *See Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001). "[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) . . . is simply that, unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the [dismissing court]." *Id.* at 506–07.

### B. Plaintiff's Prior Complaints

On February 9, 2022, Plaintiff filed his first Complaint, alleging he was discriminated against based on his sexual orientation. *Tijerino v. USA Pawn Jewelry*, No. 2:22–cv–00219–GMS (D. Ariz.). Plaintiff claimed he was denied promotion opportunities, vacation, and treated unfairly. *Id.* The Court denied Plaintiff's IFP application because he failed to complete certain sections. *Id.* Plaintiff did not file a second application and the Court terminated the case. *Id.*

On April 5, 2022, Plaintiff filed a second Complaint, alleging he was discriminated against based on his sexual orientation. *Tijerino v. USA Pawn Jewelry*, No. 2:22–cv–00552–DJH (D. Ariz.). Plaintiff claimed he was met with retaliation when he reported the harassment and subsequently fired. *Id.* The Court dismissed Plaintiff's Complaint because he failed to provide sufficient factual detail and therefore the Court could not infer a plausible claim. *Id.* The Court provided an express warning to Plaintiff that if he failed to comply with the Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b). Plaintiff did not file an amended complaint and the Court dismissed the action

under Rule 41(b).  *Id.*

On June 8, 2022, Plaintiff filed a third Complaint, alleging he was discriminated against based on his race.[1]  *Tijerino v. USA Pawn Jewelry*, No. 2:22–cv–00997–DJH (D. Ariz.).   Plaintiff claimed he was met with retaliation when he reported the harassment.  *Id.* The Court dismissed Plaintiff's Complaint because he failed to provide sufficient factual detail and thus the Court could not infer a plausible claim.  *Id.*   There too, the Court provided an express warning to Plaintiff that if he failed to comply with the Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b).  *Id.*  Plaintiff did not file an amended complaint and the Court dismissed the action under Rule 41(b).  *Id.*

The Court provided Plaintiff with an opportunity to file an amended complaint in each of the previous cases.  The Court also expressly warned him that failure to do so may result in dismissal under Rule 41(b).  Plaintiff never filed any amended complaints, and the Court accordingly dismissed his actions under Rule 41(b).

Where, as here, the Court dismissed the prior three actions under Rule 41(b), the dismissed claim cannot be brought again in the dismissing court.  *Id.*  Plaintiff's current Complaint contains the same allegations as his previous ones. Because his previous Complaints were adjudications on the merits, this Court finds Rule 41(b) bars Plaintiff's current Complaint and it must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **granted**.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Complaint did not specify the grounds of discrimination and the Court inferred it was racial.

1    **IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **dismissed**.   The

2   Clerk of the Court shall terminate this action.

3    Dated this 30th day of September, 2022.

_____
Honorable Diane J. Humetewa
United States District Judge